## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JEASUNG JAY YOO, | ) | Case No. 1:25-cv-548 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| EAST OHIO GAS CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Jeasung Jay Yoo filed this action, without a lawyer, against the East Ohio Gas Company alleging a breach of contract and violations of the Uniform Commercial Code. (ECF No. 1.) He alleges $10,132,646.20 in monetary damages with an additional $1,000,000 in damages accruing every day. (*Id.*, PageID #7.) Also, he seeks immediate restoration of gas service without penalty fees, a declaratory judgment affirming his secured interest over the account, and an order requiring East Ohio Gas Company to process all future bills of exchange as lawful tender. (*Id.*) Additionally, Mr. Yoo filed a motion for a temporary restraining order. (ECF No. 4.)

## STATEMENT OF FACTS

In his complaint, Mr. Yoo alleges the following facts, which the Court takes as true and construes in his favor in the current procedural posture.

Mr. Yoo submitted bills of exchange to East Ohio Gas on October 8, 2024; January 9, 2025; February 13, 2025; and March 10, 2025. He claims that these bills

of exchange were lawful tender for settlement of the alleged balance in his account with East Ohio Gas.

Mr. Yoo alleges that East Ohio Gas's failure to return or lawfully rebut the bills of exchange within the required timeframe equates to acceptance under the Uniform Commercial Code. Despite East Ohio Gas's alleged acceptance, the bills of exchange have not been processed, and Mr. Yoo's gas has been shut off, constituting, according to Mr. Yoo, a breach of contract, bad faith, and commercial dishonor. Additionally, Mr. Yoo submitted a power of attorney to East Ohio Gas, which authorized him to act on behalf of JEASUNG JAY YOO©, and Mr. Yoo claims that, because East Ohio Gas never responded or acknowledged the power of attorney, it has "accepted."

Next, Mr. Yoo issued a legal notice and demand on March 10, 2025 that outlined civil monetary penalties for East Ohio Gas's alleged non-compliance, which East Ohio ignored. On March 18, 2025, Mr. Yoo spoke with multiple East Ohio Gas representatives explaining his situation. As of March 19, 2025, he claims to have accrued over $10,000,000 in damages.

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Federal courts have limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id*. Consequently, it is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests with the party attempting to bring the case in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must demonstrate that he is a citizen of one State and all of the defendants are citizens of other States. The citizenship of a natural person means his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Diversity of citizenship does not exist in this case, nor does Plaintiff argue that it does. Plaintiff and Defendant are both citizens of Ohio, destroying diversity jurisdiction.

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's

right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. Here, Plaintiff claims the action arises under the Uniform Commercial Code and federal contract law, conferring federal question jurisdiction.

Regarding the Uniform Commercial Code, "the UCC itself, is not the law of any state, nor is it federal law." *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004). Instead, two private organizations—the American Law Institute and the Uniform Law Commission—drafted the Uniform Commercial Code to facilitate commerce. States are free to adopt the Uniform Commercial Code, to ignore it, or to adopt only parts of it. Ohio, for example, has adopted the Uniform Commercial Code, with some changes, and codified it in Title 13 of the Ohio Revised Code. *See United States v. Thomas*, No. 1:23-cr-195-2, 2025 WL 683642, at *5–6 (N.D. Ohio Mar. 4, 2025). Accordingly, the Uniform Commercial Code does not authorize the Court to hear Plaintiff's claims. As for breach of contract, such a claim almost always arises under State law. *Johnson v. City of Detroit*, 319 F. Supp. 2d 756, 780 (E.D. Mich. 2004). Plaintiff does not allege a breach of contract claim under

any actual federal law, and there is no general federal common law of contract.  *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).  Therefore, Plaintiff's claim for breach of contract does not arise under federal law or confer federal question jurisdiction.  Accordingly, Plaintiff fails to allege a federal claim such that the Court may exercise federal question jurisdiction.

Because it lacks subject-matter jurisdiction and the power to hear this case, the Court may not adjudicate Plaintiff's motion for a temporary restraining order.  However, the Court is constrained to point out that the types of claims Mr. Yoo makes rest on a meritless foundation and have no chance of working, legally or factually in any court.  The Court admonishes Mr. Yoo against seeking to litigate this matter further in the Northern District.

## CONCLUSION

For these reasons, the Court determines that it lacks subject matter jurisdiction over this action.  Therefore, the Court **DISMISSES** this action **WITHOUT PRJEUDICE** and **DENIES WITHOUT PREJUDICE** Plaintiff's motion for a temporary restraining order (ECF No. 4).

**SO ORDERED.**

Dated:  March 21, 2025

_____
    J. Philip Calabrese
    United States District Judge
    Northern District of Ohio