# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEASUNG JAY YOO, | ) | Case No. 1:25-cv-548 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| EAST OHIO GAS CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **OPINION AND ORDER**

Plaintiff Jeasung Jay Yoo seeks to reopen the Court's judgment dismissing his case without prejudice for lack of jurisdiction and then to amend his complaint. Setting aside the problem that Mr. Yoo is engaged in serial filings seeking to have the Court tell him how to proceed (a fatal problem), the Court finds his motion without merit after consideration of it and the record as a whole. The Court makes this determination because federal jurisdiction is determined at the time it is invoked. That is, Mr. Yoo had the obligation to establish federal jurisdiction when he filed his complaint. He failed to do so. And his repeated efforts to try to fix that defect are unavailing. Nor has Mr. Yoo identified any basis for reconsideration of the Court's prior rulings.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*,

590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

But Plaintiff's motion does not implicate any of the grounds for setting aside the judgment dismissing the complaint without prejudice. To the extent Mr. Yoo relies on new developments, they were contemplated in his original complaint and facially lack any legal merit. To extent that Mr. Yoo relies on some claim that the machinations in which he has engaged have somehow now matured into a default (ECF No. 11-1, PageID #104), no case was pending. Therefore, no default was legally possible. As a result, there is no basis for any such claim. Indeed, in its order of dismissal, the Court advised Mr. Yoo that the facts he alleged rested on a meritless foundation and cautioned him against continuing to try to pursue them here. (*See* ECF No. 5, PageID #74.)

Even if the Court found some reason to reopen the judgment (and there is none), Mr. Yoo's proposed amended complaint suffers from the same problems as his original complaint. No cause of action he purports to assert properly invokes the

2

Court's jurisdiction. With one exception, each rests on State-law grounds, if any has a legal basis at all, and there is no diversity of citizenship between Mr. Yoo and Defendant. The one exception involves a purported antitrust claim. (ECF No. 11-1, PageID #110.) But the face of the proposed complaint fails to state a claim under the Sherman Act. Therefore, even if the Court were to reopen the judgment, the proposed amendment would be futile, making amendment improper under Rule 15.

Again, the Court warns Mr. Yoo against pursuing such frivolous allegations in federal court. It will not warn him again.

For all these reasons, the Court **DENIES** Mr. Yoo's motion.

**SO ORDERED.**

Dated: April 9, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio